MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff
Fabric Selection, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| FABRIC SELECTION, INC., a California corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MS. BUBBLES, INC., a California corporation; ROSS STORES, INC., a Delaware corporation; BEALL'S, INC. a Florida corporation;  BEALL'S OUTLET STORES, INC.,  a Florida Corporation;  STYLES FOR LESS, INC. a California corporation; and DOES 1 through 10, Inclusive,<br><br>                    Defendants. | Case No. 2:17-cv-02622-MWF-SS<br><br>**FIRST AMENDED COMPLAINT FOR: (1) COPYRIGHT INFRINGEMENT; AND (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Fabric Selection, Inc. ("**Plaintiff**" or "**Fabric Selection**") hereby alleges as follows:

## <u>PARTIES</u>

1.     Plaintiff Fabric Selection is a California corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

1

2.     Plaintiff is informed and believes, and based thereon alleges, that defendant Ms. Bubbles, Inc. ("**Ms. Bubbles**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including in this judicial district.  Plaintiff is further informed and believes that All Fashions is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers nationwide.

3.     Plaintiff is informed and believes, and based thereon alleges, that defendant Ross Stores, Inc. ("**Ross**") is a corporation organized and existing under the laws of the State of Delaware, doing business nationwide, including within this judicial district.  Plaintiff is further informed and believes that Ross operates DD's Discounts, a retail store in the business of selling garments, apparel, and other goods to consumers.

4.     Plaintiff is informed and believes, and based thereon alleges, that defendant Beall's, Inc. ("**Beall's**") is a corporation organized and existing under the laws of the State of Florida, doing business nationwide, including within this judicial district.  Plaintiff is further informed and believes that Beall's owns and operates Beall's Outlet, a retail store in the business of selling garments, apparel, and other goods to consumers.

5.     Plaintiff is informed and believes, and based thereon alleges, that defendant Beall's Outlet Stores, Inc. ("**Beall's Outlet**") is a corporation organized and existing under the laws of the State of Florida, doing business nationwide, including within this judicial district.  Plaintiff is further informed and believes that Beall's  is a retail store in the business of selling garments, apparel, and other goods to consumers.

6.     Plaintiff is informed and believes, and based thereon alleges, that defendant Styles For Less, Inc. ("**Styles**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including within this judicial district.  Plaintiff is further informed and believes that Styles a

1  retail store in the business of selling garments, apparel, and other goods to
2  consumers .

3      7.    Plaintiff is informed and believes, and based thereon alleges, that
4  defendants DOES 1 through 10, inclusive, have infringed Plaintiff's Copyrights,
5  have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or
6  more of the wrongful practices alleged herein.  The true names of DOES 1 through
7  10, inclusive, are presently unknown to Plaintiff, which therefore sues said
8  defendants by such fictitious names and will seek leave to amend this complaint to
9  show their true names and capacities when same have been ascertained.

10     8.    Hereinafter defendants Ms. Bubbles, Ross, Beall's, Beall's Outlet,
11 Styles, and DOES 1 through 10, inclusive, shall be referred to collectively as
12 "**Defendants**."

13                    **JURISDICTION AND VENUE**

14     9.    This action arises under the Copyright Act of 1976, Title 17 U.S.C.
15 §101 *et seq*.

16     10.   This Court has federal question jurisdiction under 28 U.S.C. § 1331 and
17 §1338(a).

18     11.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

19                  **THE COPYRIGHTED DESIGNS**

20     12.   Fabric Selection is the author of, and copyright holder in, the original
21 print design which it has internally designated as SE40412 (the "**Design A**").
22 Attached hereto as Exhibit "1" is a true and correct copy of Design A.

23     13.   On or about April 19, 2014, Fabric Selection obtained a Certificate of
24 Registration for Design A from the United States Copyright Office, bearing
25 registration number VA 1-164-835.  Attached hereto as Exhibit "2" is a true and
26 correct copy of the Certificate of Registration for Design A (the "**Copyrighted**
27 **Design A**").

28     14.   Fabric Selection is the author of, and copyright holder in, the original

print design which it has internally designated as SE51106 (the "**Design B**"). Attached hereto as Exhibit "3" is a true and correct copy of Design B.

15.     On or about November 11, 2015, Fabric Selection obtained a Certificate of Registration for Design B from the United States Copyright Office, bearing registration number VA 1-234-154.  Attached hereto as Exhibit "4" is a true and correct copy of the Certificate of Registration for Design B (the "**Copyrighted Design B**").  Design A and Design B are sometimes referred to herein, collectively, as the "**Designs**."

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

16.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 hereinabove, and incorporates them by reference as if fully set forth herein.

17.     Within the last three years, Defendants have manufactured and/or sold fabric and/or garments upon which were unauthorized reproductions of the Copyrighted Designs (the "**Infringing Goods**").

18.     Defendants Ms. Bubbles, Beall's and Ross have licensed, manufactured, sold and/or offered for sale the Infringing Goods, in particular goods infringing Plaintiff's Copyrighted Design A, to customers, including retailers and consumers, throughout the United States, including within this judicial district.

19.     Attached hereto as Exhibit 5, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design A; and (b) a close up of the design on said garment.  For the Court's convenience, the following is a side-by-side comparison of Plaintiff's Design A and the design affixed to the subject garment:

**Design A**                                        **Garment**



20.    On or around October 19, 2016, Fabric Selection sent cease and desist letters to Ms. Bubbles and Beall's, demanding that they immediately discontinue their unauthorized manufacture, sale and distribution of the Infringing Goods with respect to Design A, and requesting that they provide certain information regarding their manufacture and sale of the Infringing Goods.

21.    Defendants Ms. Bubbles and Styles have licensed, sold and/or offered for sale goods infringing Copyrighted Design B to customers, including retailers and consumers, throughout the United States, including within this Judicial District.

22.    Attached hereto as Exhibit 6, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design B; and (b) a close up of the design on said garment.  For the Court's convenience, the following is a side-by-side comparison of Plaintiff's Design B and the design affixed to the subject garment:

/ / /

/ / /

| Design B | Garment |
|---|---|



23.     On or around March 29, 2017, and June 8, 2017, Fabric Selection sent cease and desist letters to Ms. Bubbles and Styles, demanding that they immediately discontinue their unauthorized manufacture, sale and distribution of the Infringing Goods with respect to Design B, and requesting that they provide certain information regarding their manufacture and sale of the Infringing Goods.

24.     By Defendants' knowingly unauthorized licensing, manufacture, offering for sale and/or sale of the Infringing Goods, Defendants have infringed on Plaintiff's Copyright in the Designs.

25.     Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

26.     Defendants' intentional infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to

recall and destroy all Infringing Goods.

27.    By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

28.    Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Designs.   Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Designs in an amount subject to proof at trial.   Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each violation, payable separately, in the full amount, by each infringing Defendant.

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement – Against All Defendants)

30.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 hereinabove, and incorporates them by reference as if fully set forth herein.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided in, and profited from the illegal reproduction of Plaintiff's Designs and/or subsequent sale of the Infringing Goods, as alleged above.

32.    By Defendants' unauthorized duplication of the Designs, and by their offering and accepting for sale and sale of the Infringing Goods, Defendants, and

each of them, have infringed Plaintiff's Copyrights in the Designs.

33.   Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

34.   By reason of the Defendants' acts of contributory copyright infringement as alleged herein, Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

35.   Defendants' infringing activities have continued and will continue to the detriment of Plaintiff and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods and designs.

36.   By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

37.   Due to Defendants' acts of contributory copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Designs.  As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Designs in an amount subject to proof at trial.  Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

38.   Plaintiff is informed and believes and based thereon alleges that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each violation, payable separately, in the full amount, by each

8

infringing defendant.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

1.      For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Designs for any purpose, including but not limited to, use of the Designs in attempting to sell and/or selling garments.

2.      For an order requiring the recall and destruction of all garments infringing upon the Designs.

3.      Actual damages, plus Defendants' profits attributable to Defendants' infringement of the Designs and/or contributory infringement of the Designs, in an amount subject to proof at trial; or, if elected, statutory damages as available under the Copyright Act.

4.      For attorneys' fees where allowed by law.

5.      For such further and other relief as the Court deems just and proper.


Dated:  August 10, 2017              RESCH POLSTER & BERGER LLP


                                     By: _____/S/ Michael C. Baum_____
                                            MICHAEL C. BAUM
                                            Attorneys for Plaintiff
                                            Fabric Selection, Inc.

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated:  August 10, 2017                    RESCH POLSTER & BERGER LLP


By: _____ */S/ Michael C. Baum* _____
                     MICHAEL C. BAUM
                     Attorneys for Plaintiff
                     Fabric Selection, Inc.

resch polster & berger llp

**<u>PROOF OF SERVICE</u>**

**Fabric Selection, Inc. v Ms. Bubbles, Inc., et al.**
**Case No. 17-CV-02622-MWF-SS**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1840 Century Park East, 17th Floor, Los Angeles, CA 90067.

On August 10, 2017, I served true copies of the following document(s) described as **FIRST AMENDED COMPLAINT FOR: (1) COPYRIGHT INFRINGEMENT; AND (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT** on the interested parties in this action as follows:

| | |
|---|---|
| Scott P. Shaw, Bar No. 223592 | Attorneys for Defendants Ms. |
| SShaw@Calljensen.com | Bubbles, Inc., Ross Stores, Inc., |
| Samuel G. Brooks, Bar No. 272107 | and Beall's, Inc., |
| SBrooks@Calljensen.com | |
| CALL & JENSEN | |
| A Professional Corporation | Tel: (949) 717-3000 |
| 610 Newport Center Drive, Suite 700 | Fax: (949) 717-3100 |
| Newport Beach, CA 92660 | |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 10, 2017, at Los Angeles, California.


*/s/ Nazia Rahman*
Nazia Rahman

resch polster & berger llp

576236.1